UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-60755-CIV-MARRA/JOHNSON

KRISTIE BROCKIE,

    Plaintiff,

v.

AMERICAN GENERAL FINANCIAL
SERVICES, Inc.,

    Defendant.
_____/

## **OPINION AND ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim or, in the Alternative, to Dismiss and Compel Arbitration, Motion to Strike Jury Demand, filed June 4, 2007.  (DE 3.)  The motion is now fully briefed and is ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

### *Background*

Plaintiff Kristie Brockie filed a one-count Complaint in the County Court of Broward County, Florida, against American General Financial Services, Inc., alleging violation of the Fair Credit Billing Act, 15 U.S.C. § 1666, on April 10, 2007.  (Pl. Mem. 1.)  The case was subsequently removed by Defendant to this Court on May 31, 2007.  (DE 1.)  The facts, as gleaned from the Complaint and the motions, are as follows:  Plaintiff Kristie Brockie ("Plaintiff") applied for and was granted (at an unspecified time) an "open-end credit" account with Defendant American General Financial Services, Inc. ("AGFS"), for "personal, family, and

1

household purposes." (Compl. ¶ 4.)  Beginning in October 2006, Plaintiff noticed finance charges and daily periodic interest rates on her statements. (Compl. ¶ 6.)  Plaintiff did not agree to those charges and contacted AGFS to dispute them. (Compl. ¶¶ 7-9.)  AGFS did nothing to resolve the dispute or investigate the potential error. (Compl. ¶ 10.)  AGFS's only reaction was to "send Plaintiff notices demanding payment of the disputed amount" and threaten to "make an adverse credit report." (Compl. ¶ 11-12.)

AGFS has moved to dismiss the instant action. (DE 3.)  First, AGFS claims that it is not the correct defendant in this action: "The loan to Plaintiff is owned, held, and serviced by AGFS of Illinois, and not AGFS, Inc." (Def. Mot. 4.)  As such, AGFS moves to dismiss the instant action under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief can be granted.  Alternatively, AGFS argues that this dispute is covered by the arbitration clause contained in Plaintiff's credit application.  That clause states, in pertinent part:

> **ARBITRATION PROVISIONS**.  Except as provided below, either you or Creditor may choose that any claim or dispute between the parties or any claim, dispute or controversy involving you and any other party arising from or relating to this agreement or the relationships which result from this agreement, including the validity of this arbitration clause or the entire agreement, shall be resolved by binding arbitration. . . .
> A single arbitrator shall conduct arbitration, under the Federal Rules of Evidence and the National Arbitration Forum's Code of Procedure in effect at the time the claim is filed. . . .  By signing this Agreement, you agree to the Arbitration Provision above, which provides that you or Creditor can require that all disputes, claims, or controversies between the parties be submitted to BINDING ARBITRATION.  **YOU UNDERSTAND THAT YOU ARE VOLUNTARILY WAIVING YOUR RIGHT TO A JURY TRIAL OR JUDGE TRIAL FOR SUCH DISPUTES**. (Def. Ex. A.)

As a result of this clause, AGFS asks this Court to dismiss the instant action and compel the parties to arbitrate their dispute. (Def. Mot. 5.)

*Discussion*

*Motion to Dismiss for Failure to State a Claim*

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In this case, Plaintiff has alleged that she entered into a credit agreement with AGFS, not American General Financial Services of Illinois. On a motion to dismiss, the Court must accept this allegation as true. As such, when taken with the other allegations in the Complaint, Plaintiff has stated a valid cause of action against AGFS. Thus, Defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim must be denied. If AGFS is indeed the improper party, AGFS will have ample opportunity to demonstrate this fact at a later point in the litigation.

*Motion to Compel Arbitration*

The Supreme Court has articulated a strong federal policy favoring arbitration

agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983). One of the purposes of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, is to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219 (1985). As such, arbitration agreements must be "rigorously enforce[d]" by the courts. *Id.* at 221.

The FAA guides the courts in enforcing arbitration agreements: "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Further, the FAA allows a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" under an otherwise valid arbitration clause may seek an order from a court compelling arbitration. 9 U.S.C. § 4.

When ruling on a motion to compel arbitration under the Federal Arbitration Act, the Court must engage in a two-step inquiry: first, the Court must determine whether the parties agreed to arbitrate the dispute. *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004). Then, the Court must determine whether "legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Mitsubishi Motors Corp. V. Soler Chrisyler-Plymouth*, 473 U.S. 614, 628 (1985).

In the instant case, the language of the credit agreement, stating that either party may choose to resolve any disputes arising form the credit agreement through binding arbitration, clearly evinces an intention to arbitrate. Plaintiff claims, somewhat disingenuously, that she did not sign the credit agreement, so the agreement is not a valid contract. (Pl. Mem. 6.) Of course,

this statement contradicts the Complaint, where Plaintiff alleges the existence of the credit agreement between her and AGFS.  (Compl. ¶ 4.)  Plus, Defendant has attached a copy of the executed credit agreement bearing Plaintiff's signature.  (Def. Ex. A.)  Thus, the Court can only conclude that a valid agreement exists, and that agreement clearly states on its face that all disputes arising out of the agreement are subject to arbitration.

The Court must then determine whether any legal constraints in this case foreclose arbitration of these claims.  The Court notes that the Eleventh Circuit has held claims brought under the Fair Credit Billing Act, part of the Truth in Lending Act, are arbitrable.  *Randolph v. Green Tree Financial Corp. – Alabama*, 244 F.3d 814, 819 (11th Cir. 2001).

Plaintiff's only argument that this case is not arbitrable is that the arbitration clause is "procedurally and substantially unconscionable."  (Pl. Mem. 8.)  Plaintiff argues that the National Arbitration Forum is biased against consumers and that the language of the arbitration clause makes arbitration "optional."  (Pl. Mem. 8-10.)  The Court agrees with Defendant that "[i]t is premature to challenge the bias of an arbitrator" before the parties have even had the opportunity to select a neutral arbitrator.  (Def. Reply 6.)  As Defendant aptly indicates, the National Arbitration Forum does not itself arbitrate the dispute – it only provides the forum and the procedural rules.  *See Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 835-36 (S.D. Miss. 2001) (rejecting the argument that requiring arbitration before the National Arbitration Forum is in any way unconscionable).  As the Supreme Court said in *Mitsubishi.* in response to the argument that arbitration panels might be biased, "We decline to indulge in the presumption that the parties and arbitral body conducting a proceeding will be unable or unwilling to retain competent, conscientious, and impartial arbitrators."  *Mitsubishi Motors Corp.*, 473 U.S. at 634.  Thus, the

5

Court refuses to hold that Plaintiff should not be bound to her agreement to arbitrate the dispute because arbitration could, in theory, be biased. Without proof of bias in Plaintiff's own case, Plaintiff shall be held to her contractual agreement.

Plaintiff also argues that arbitration is not mandatory because "either party has the 'choice' of resolving" the issue through arbitration. (Pl. Mem. 8.) This argument defies logic. The agreement states that "either you or Creditor may choose that any claim . . . shall be resolved by binding arbitration. (Def. Ex. A.) The construction of this sentence makes clear that *either* Plaintiff *or* AGFS can choose to compel arbitration instead of judicial action for any dispute arising out of the agreement. This sentence does not indicate that *both* parties must consent to arbitration, nor does this sentence suggest that arbitration is optional. Since AGFS has chosen to arbitrate the dispute, Plaintiff must submit to arbitration under this contractual provision.

### *Conclusion*

It is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss for Failure to State a Claim or, in the Alternative, to Dismiss and Compel Arbitration and Motion to Strike Jury Demand (DE 3) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendant's Motion to Dismiss for Failure to State a Claim is **DENIED**;

2. Defendant's Motion to Compel Arbitration is **GRANTED**. The case shall be stayed pending the completion of the arbitration and the clerk shall administratively **CLOSE THIS CASE**. Plaintiff may re-open the case to enforce an arbitration award that may be awarded in her favor.

3.  All other pending motions are **DENIED AS MOOT**.

   **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 13th day of November, 2007.

                       _____
                       KENNETH A. MARRA
                       United States District Judge

Copies furnished to:
All counsel of record